O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL NO.: 5:06-MJ-930 |
| | § | |
| Joel LUCIO | § | |
| | § | |
| Defendant. | § | |

### **PROBABLE CAUSE FINDING**

#### I. Facts

Defendant was charged by a superseding criminal complaint on May 31, 2006, with knowingly receiving a Sturm Ruger Model Super Black Hawk .44 caliber magnum revolver which was transported in interstate or foreign commerce in violation of Title 18, United States Code, Sections 922(n) and 924(a)(1). On June 6, 2006, this court held a preliminary examination hearing to determine whether there was probable cause to detain Defendant.

At the preliminary examination hearing, the government presented the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent Albert C. Jacobs as its sole witness. Agent Jacobs stated he investigates federal firearm violations and has been an agent with ATF for a little over eight (8) years. Agent Jacobs testified that he met Defendant when Defendant was arrested on May 18, 2006, and he recognized Defendant as the man sitting at the table. Agent Jacobs stated that Defendant's current charge is for possession of a firearm while under indictment; Defendant is under indictment for possession of a controlled substance and conspiracy with intent

to possess a controlled substance. Agent Jacobs testified that Defendant pled guilty and was out on bond while awaiting sentencing on his controlled substance charge.

Agent Jacobs stated that he became aware that Defendant had possession of a firearm when Defendant redeemed a firearm at L. Buffalo Pawn. Agent Jacobs stated that Defendant filled out an ATF 4473 Form ("4473 form"), which is required to purchase or redeem a firearm. Agent Jacobs testified that once a 4473 form is filled out, the information is transmitted to the FBI and the FBI does a preliminary background check to determine whether the person filling out the form is prohibited from possessing a firearm. Agent Jacobs stated that if a 4473 form comes out as a denial, the form is submitted to the field. Agent Jacobs testified that Defendant's 4473 form came back a week later as a denial, which prohibited Defendant from possessing a firearm. Agent Jacobs stated that the 4473 form came back after Defendant obtained the weapon from L. Buffalo Pawn on March 16, 2006. Agent Jacobs testified that ATF Agent Albert Espinoza conducted a criminal background check and verified that Defendant was under indictment for possession of a controlled substance.

Agent Jacobs stated that Defendant pled guilty to the controlled substance case before March 16, 2006. Agent Jacobs testified that the owner, manager, and assistant manager were not able to identify Defendant by a photo lineup; however Agent Jacobs stated that the surveillance video tape showed Defendant redeeming a Ruger .44 Magnum revolver from the pawnshop. Agent Jacobs testified that the video showed Defendant walking out of the pawnshop with the gun. Agent Jacobs stated that a Ruger .44 Magnum is not manufactured in the state of Texas and that the gun must have been transported in interstate commerce to get to Texas.

Defense counsel cross-examined Agent Jacobs regarding the investigation. Agent Jacobs reiterated that the 4473 form has to be filled out prior to redeeming or purchasing a weapon. Agent Jacobs stated that the reasons behind filling out the 4473 form are so that a weapon will not be given to someone who cannot possess a weapon and as a litmus test to determine whether someone is authorized to receive a weapon. Agent Jacobs stated that there is a three (3) day time frame for ATF and FBI to respond to a 4473 form so that a person who is not supposed to get a gun does not obtain one. Agent Jacobs testified that it is up to the shop owner to release a gun after three (3) days have passed if there has been no response from ATF; if a shop owner does not get a negative response, it is left up to the shop owner and purchaser to determine whether the weapon should be released. Agent Jacobs stated that here the background check took over a week to complete. Agent Jacobs testified that he could not explain why it took more than three (3) days to complete the background check.

Agent Jacobs stated that the weapon has not been obtained, and he does not know if the weapon is functioning. Agent Jacobs testified that a field test or ballistics test should be undertaken to determine whether the firearm functions. Other than the cross-examination, the defendant did not present any additional testimony as to probable cause.

On redirect examination, Agent Jacobs stated that he knew the type of gun Defendant redeemed through the 4473 form filled out by Defendant.

## II. Analysis

Preliminary examination hearings afford magistrates an opportunity to determine whether there is probable cause to detain a defendant. 1 Fed. Prac. & Proc. Crim.3d § 86 (R 5.1). There is a two-part test to determine whether probable cause exists: belief that an offense has been

committed; and belief that the defendant committed it. *See* FED. R. CRIM. PRO. 5.1(a). The probable cause threshold is low. A magistrate may find probable cause if the government shows "evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." 1 Fed. Prac. & Proc. Crim.3d § 86 n.3 (R 5.1) (internal quotations and citations omitted).

Additionally, according to Federal Rule of Criminal Procedure 5.1(a), "[t]he finding of probable cause may be based upon hearsay evidence *in whole or in part*." (emphasis added). Based on Agent Jacobs' testimony, the government has met its burden. The government has shown that Defendant is under indictment for possession of a controlled substance and is awaiting sentencing in that case; Defendant received a firearm, defined under Title 18, United Stated Code, Section 921(a)(3) as a "weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive;" and the Ruger .44 Magnum was not made in Texas and at some point transported in interstate commerce.

### III. Finding

Based on the evidence presented, **THIS COURT FINDS THAT THERE IS PROBABLE CAUSE** to hold the defendant to answer in district court, in accordance with Federal Rule of Criminal Procedure 5.1.

DONE at Laredo, Texas, this 13th day of June, 2006.

_____
Adriana Arce-Flores
United States Magistrate Judge